DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction for forgery and tampering with records, entered following a bench trial before the Lucas County Court of Common Pleas. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On January 18, 2001, appellant, Timothy Dixon, entered a Toledo branch of the Ohio Bureau of Motor Vehicles. Appellant applied for an Ohio operator's license, submitting a Michigan operator's license and a Social Security card for identification.
 {¶ 3} When the license examiner looked at appellant's Social Security card, she suspected the number had been altered. The examiner permitted appellant to file an application for the issuance of an Ohio license and administered the requisite vision and written examinations. The examiner refused, however, to issue a license, telling appellant that she could not accept the card due to its condition. The examiner made a copy of both the Michigan license and the Social Security card, advising appellant to contact the Social Security Administration and return when he had been issued a new card.
 {¶ 4} Following appellant's departure, the examiner contacted a Bureau of Motor Vehicles investigator who determined that the number on the card belonged to an individual living in Alabama. The investigator obtained appellant's true Social Security number from a law enforcement databank. The two numbers were not the same.
 {¶ 5} On February 22, 2001, a Lucas County Grand Jury handed down a two count indictment, charging appellant with forgery in violation of R.C. 2913.31 (A)(2), a fifth degree felony, and tampering with records in violation of R.C. 2913.42 (A)(1) and (B)(4), a third-degree felony. A warrant was issued for appellant's arrest in 2001, but, according to appellant, it was not until 2006, during an employer background check, that he became aware of the charges. At that point, appellant submitted himself to authorities, and pled not guilty. On February 6, 2007, the matter proceeded to a trial to the court, *Page 3 
following which appellant was found guilty and sentenced to two years community control.
 {¶ 6} From this judgment of conviction, appellant now brings this appeal. Appellant sets forth the following two assignments of error:
 {¶ 7} "The trial court erred when it decided against the manifest weight of the evidence in denying Defendant's motion for a directed verdict of acquittal.
 {¶ 8} "Because the Defendant-Appellant's court-appointed counsel permitted Defendant-Appellant to testify and subject himself to cross-examination, counsel's assistance was ineffective as below the objective standard of reasonableness."
 I. Crim.R. 29 Motion {¶ 9} In his first assignment of error, appellant maintains that the trial court erred in denying his motion for a judgment of acquittal, raised at the conclusion of the state's case in chief. Appellant insists that the state presented no evidence that it was actually he who altered the Social Security card he presented. Moreover, appellant contends, the offenses he was accused of violating require a showing of a purpose to defraud. According to appellant, the state introduced no evidence that appellant had intended the alteration of the Social Security card to manifest a detriment to someone else or a benefit to himself.
 {¶ 10} A motion for a judgment of acquittal, pursuant to Crim.R. 29, is judged by the same standard as for whether a verdict is supported by sufficient evidence. State v. Tenace, 109 Ohio St.3d 255, 260,2006-Ohio-2417, ¶ 36. A verdict may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an *Page 4 
insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 1997-Ohio-52. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also,State v. Eley (1978), 56 Ohio St.2d 169; State v. Barnes (1986),25 Ohio St.3d 203.
 {¶ 11} R.C. 2913.31 provides, in material part that:
 {¶ 12} "(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
 {¶ 13} "* * *
 {¶ 14} "(2) Forge any writing so that it purports to be genuine when it actually is spurious * * *."
 {¶ 15} R.C. 2913.42 (A)(1) makes it unlawful for a person, "* * * knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person *Page 5 
is facilitating a fraud, [to] (1) [f]alsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record * * *."
 {¶ 16} "`Defraud' means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.02(B).
 {¶ 17} Appellant limits his argument under this assignment of error to his Crim.R. 29 motion raised at the conclusion of the state's case. This is because, during the defense portion of trial, appellant took the stand in his own behalf and admitted that he altered the numbers on his Social Security card. Nevertheless, he insists, the state did not meet its burden to present a prima facie case because it did not present any evidence that it was he who altered the card.
 {¶ 18} The state did present evidence by which it could reasonably be inferred that appellant altered his card. First, there was the copy of the card itself made by the license examiner on the day appellant appeared. Examination of the copy of the card reveals that the first and last numbers of the nine digit identifier appear erased and struck over with a typewriter possessing a mismatched typeface.
 {¶ 19} There was also testimony from a Social Security employee that the number on the card appellant presented was not appellant's and, in fact, belonged to someone living in Alabama. Additionally, the license examiner testified that appellant both presented the altered card and signed an application form, attesting that the Social Security number belonged to him. Moreover, there was testimony that appellant's true Social Security number began with the number zero: an unusual numerical sequence *Page 6 
making it improbable that an adult of ordinary intelligence might forget the sequence's beginning. From this evidence, the trier of fact could reasonably find that appellant's card had been altered and, since the card was in his possession and put forward by him, it may reasonably be inferred that he altered the card.
 {¶ 20} While all of this may be subject to rebuttal, construing the evidence most favorably to the prosecution, we must conclude that the state made a prima facie case that appellant altered his Social Security card.
 {¶ 21} Concerning the element of purpose to defraud, appellant presented the altered card to obtain an Ohio operator's license. Since it may reasonably be found that appellant knew the card was altered, it may be reasonably inferred that its presentation was for the purpose of obtaining something that that would be of benefit to appellant: an Ohio operator's license. There is no need to speculate to what use appellant would have made of an operator's license to which was attached an inaccurate Social Security number.
 {¶ 22} Accordingly, appellant's first assignment of error is not well-taken. II. Ineffective Assistance of Counsel
 {¶ 23} In his second assignment of error, appellant maintains that his trial counsel was ineffective in permitting appellant to testify and be subject to cross-examination during his defense.
 {¶ 24} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made *Page 7 
errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 25} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 26} Ordinarily the decision of whether to call a defendant to testify in his own defense, even if questionable or debatable, is considered trial strategy and will not form the basis of a claim of ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49. We find nothing in this matter out of the ordinary. As we have already concluded, there was sufficient evidence presented in the state's case in chief to make out the elements of the offenses charged. In defense, it seems perfectly reasonable to attempt to undermine that evidence by presenting an alternative view through the defendant's *Page 8 
testimony. That the trial court did not believe appellant's explanations does not make the tactic of testifying beyond the bounds of sound strategy. Accordingly, appellant has failed to direct our attention to any deficient performance by trial counsel. Consequently, appellant's remaining assignment of error is not well-taken.
 {¶ 27} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., concur. *Page 1